UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DAVID P. WALKER and RONDA J. WALKER, )<br>)<br>Plaintiffs, )<br>)<br>vs. )<br>)<br>UNITED STATES OF AMERICA, et al., )<br>)<br>Defendants. ) | Cause No. 1:07-cv-1609- WTL-DML |

### ENTRY ON MOTION FOR RULE 54(b) CERTIFICATION

This cause is before the Court on the Plaintiffs' motion pursuant to Federal Rule of Civil Procedure 54(b) seeking entry of final judgment on their claims against the United States, which recently were resolved in favor of the USA when the Court granted the USA's motion for summary judgment. The USA has filed an objection to the Plaintiffs' motion; the Plaintiffs have not filed a reply in support of their motion, and the time for doing so has expired. The Court, being duly advised, **DENIES** the motion for the reasons set forth below.

Rule 54(b) provides that "[w]hen an action presents more than one claim for relief– whether as a claim, counterclaim, crossclaim, or third-party claim--or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." The order granting summary judgment in favor of the USA disposed of all of the claims against the USA, and therefore entering final judgment in the USA's favor would be appropriate if there were "no just reason for delay." However, "[t]he entry of such an order permits piecemeal appeal, which is disfavored in the federal system." *Continental Cas. Co. v. Anderson Excavating &*

*Wrecking Co.,* 189 F.3d 512, 518 -19 (7th Cir. 1999).  Thus, the Court "is required to make a discretionary judgment, balancing the advantage of allowing an immediate appeal against the advantage of delaying the appeal until the pending claims can be resolved so that all can be decided in a single appeal at a later time." *Id.*  The only reason the Plaintiffs give in favor of allowing an immediate appeal is that it would avoid the necessity of a second trial in the event that the Court's summary judgment ruling is overturned on appeal.  That would be true in any case, though; there must be something more to tip the balance away from the efficiency of a single appeal.  Inasmuch as the Plaintiffs have not offered anything more, the motion is **denied**.

SO ORDERED:   10/05/2009

_William T. Lawrence_

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Copies to:

Christopher Allen Cage
CAGE, LAWRENCE & WILSON
ccage@clwlaw.org,ttuterow@clwlaw.org

Thomas E. Kieper
UNITED STATES ATTORNEY'S OFFICE
tom.kieper@usdoj.gov,pearlie.wadlington@usdoj.gov,lin.montigney@usdoj.gov

Michael Edward Morken
mmorken@hotmail.com

Richard A. Smikle
ICE MILLER LLP
richard.smikle@icemiller.com,michelle.mosgrove@icemiller.com

Rabeh M. A. Soofi
ICE MILLER LLP
rabeh.soofi@icemiller.com,michelle.mosgrove@icemiller.com